IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 08-67-M-DWM |
| | CV 11-35-M-DWM |
| Plaintiff/Respondent, | |
| | |
| vs. | ORDER DENYING § 2255 MOTION, |
| | DENYING CERTIFICATE OF |
| SALVATORE CACCAVALLO, | APPEALABILITY, AND REQUIRING |
| | RESPONSE FROM UNITED STATES |
| Defendant/Movant. | |

---

On February 18, 2011, Defendant/Movant Salvatore Caccavallo ("Caccavallo"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

## II. Background

On December 3, 2008, Caccavallo was indicted on two counts of wire fraud,

ORDER / PAGE 1

a violation of 18 U.S.C. § 1343 (Counts 1 and 5); two counts of aggravated identity theft, a violation of 18 U.S.C. § 1028A(a)(1) (Counts 2 and 6); one count of being a felon in possession of a weapon, a violation of 18 U.S.C. § 922(g) (Count 3); one count of possession of stolen firearms, a violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count 4); and one count of possession of implements to produce false identification documents, a violation of 18 U.S.C. § 1028(a)(5) (Count 7). There was also a forfeiture allegation. Indictment (doc. 1) at 1-5. Caccavallo was writted out of state custody and appeared in federal court on November 2, 2009. Minutes (doc. 9). Joshua Van de Wetering was appointed to represent him. Order (doc. 8).

On December 30, 2009, the parties filed a fully executed plea agreement. Caccavallo agreed to plead guilty to Counts 1, 2, and 4, as well as the forfeiture allegation, in exchange for dismissal of Counts 3, 5, 6, and 7 and the United States' conditional agreement that he receive a three-point reduction in his base offense level for acceptance of responsibility. Caccavallo waived his right to appeal, provided the sentence imposed fell within the advisory guideline range calculated by the Court. Plea Agreement (doc. 14) at 3 ¶¶ 4-5, 12-14 ¶¶ 11-12, 15. Caccavallo pled guilty in open court before United States Magistrate Judge Jeremiah C. Lynch on January 19, 2010. Minutes (doc. 20); Findings and Recommendation (doc. 23); Order (doc. 25).

On April 29, 2010, Caccavallo was sentenced to serve a total of 87 months in

ORDER / PAGE 2

prison, consecutive to pending state sentences. His federal prison sentence will be followed by a three-year term of supervised release. As special conditions of his supervised release, he was prohibited from obtaining medical marijuana and required to register as a sex offender. Minutes (doc. 33); Judgment (doc. 34) at 2-3, 4 ¶ 7, 9.

Caccavallo's conviction became final on May 13, 2010. 28 U.S.C. § 2255(f)(1); Fed. R. App. P. 4(b); Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005). He timely filed his § 2255 motion on February 15, 2011. Mot. § 2255 at 6, Movant Decl. ¶ C; Houston v. Lack, 487 U.S. 266, 270-71 (1988).

### III. Allegations and Analysis

The court reporter's rough transcripts of the change of plea hearing and sentencing have been consulted in the preparation of this Order. The transcripts are not in the record because Caccavallo did not appeal. The United States will be ordered to file the transcripts of both the change of plea hearing and the sentencing hearing.

### A. Guilty Plea

Caccavallo contends that his "plea deal" was invalidated when the United States failed to fulfill its promise to provide him a copy of all the photographs on the computer it seized. At the change of plea hearing, Caccavallo said, "I would just like the pictures off the computer of my dogs, that's all, Your Honor." The United States

agreed to work something out.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971).

While there is no doubt the photographs were important to Caccavallo, it is unreasonable to suppose that he would have proceeded to trial on a seven-count indictment if he had known the United States would not provide the photographs. The photographs were not relevant to his chances at trial. If he had not pled guilty and was convicted at trial of only the offenses to which he pled guilty, his advisory guideline range would have increased to at least a range of 70-87 months, rather than 51-63 months, plus the mandatory two-year consecutive sentence under Count 2. And it may have been significantly higher, if he had been convicted of any other count(s). The photographs were not part of the inducement or consideration. Relief is not available under § 2255. Ground 7, Mot. § 2255 (doc. 39) at 7, is denied.

Nonetheless, the United States should do what it says it will do. It will be given an opportunity to state whether Caccavallo received the pictures of his dogs, and if not, why not.

### B. Sentencing Claims

Most of Caccavallo's claims relate to his sentence. Though there are

ORDER / PAGE 4

procedural barriers to such claims – not least his waiver of the right to appeal – it is more efficient to address his claims on the merits.

### 1. Guideline Calculations

Caccavallo asserts that two upward adjustments should not have been applied. He says he was "never" convicted of a violent crime. He was, because he escaped from Montana State Prison – twice. Presentence Report ¶¶ 48, 66, 68; U.S.S.G. §§ 2K2.1(a)(4)(A) & Application Note 1, 4B1.2(a)(2); United States v. Savage, 488 F.3d 1232, 1236-37 (9th Cir. 2007) (holding that escape from a jail or prison involves "serious potential risk of physical injury to another"). He complains that he was convicted of possessing stolen firearms and also subjected to an upward adjustment. That is how the calculation for his offense of conviction works. Presentence Report ¶¶ 48-49; U.S.S.G. § 2K2.1(a)(4)(A), (b)(4). Grounds 3 and 4, Mot. § 2255 at 7, are denied.

### 2. Conditions of Supervised Release

Caccavallo complains that he "was not, and never have been convicted of a drug related crime." He was. Presentence Report ¶ 72. More importantly, he illegally used marijuana beginning at the age of 19, with his usage increasing to "daily" within the five years preceding his sentencing. Id. ¶ 104. Medical marijuana is not a good idea for him, because he is likely to abuse it, and he has enough

ORDER / PAGE 5

difficulty conforming his conduct to the requirements of the law without the added complication of an altered mental state. Further, it would be impossible for a probation officer to ensure his drug use or any marijuana he possessed was on-prescription rather than a straightforward violation of federal law. The condition was appropriate. 18 U.S.C. § 3583(d); see also Judgment at 3 para. 4, ¶¶ 7-8; id. at 4 ¶¶ 1-2, 4. Ground 1, Mot. § 2255 at 4, is denied.

Caccavallo also complains that he is required to register as a sex offender, because "I was not convicted of a sexual crime" and "the state that convicted me of oral copulation no longer requires registration." That does not matter. Congress authorized the Attorney General to decide how the Sex Offender Registration and Notification Act, Pub. L. No. 109-248, Tit. I, 120 Stat. 587, 588-600 (July 27, 2006), would be applied to "sex offenders convicted before the enactment" of the Act. 42 U.S.C. § 16913(d). The Attorney General decided that registration would be required of "all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of the Act." 28 C.F.R. § 72.3. Although that regulation has been held enforceable only as of August 1, 2008, United States v. Valverde, 628 F.3d 1159, 1160 (9th Cir. 2010), it is valid and enforceable with respect to Caccavallo. Ground 2, Mot. § 2255 at 4, is denied.

### 3. Victims' Rights Act

Caccavallo claims that a victim who spoke at sentencing, David James Marone, "had no connection to me." He did. He owned one of the stolen firearms that Caccavallo admitted possessing. Offer of Proof (doc. 18) at 4-5; Presentence Report ¶¶ 22, 28-29. Marone had a right to speak at Caccavallo's sentencing. 18 U.S.C. § 3661; Fed. R. Crim. P. 32(i)(4)(B), 60. Caccavallo knew he might, because, at the change of plea hearing, he agreed with what the United States said it could prove, and he also knew the contents of the presentence report. Ground 5, Mot. § 2255 at 7, is denied.

### 4. Consecutive Sentence

Caccavallo contends that the federal detainer lodged against him at the Dawson County Detention Facility should be removed because his federal sentence is consecutive to his state sentence, and his state sentence includes a five-year suspended portion. He suggests, in effect, that he must be released to serve the suspended portion of his state sentence before he can be incarcerated to serve the prison portion of his federal sentence. That is not how it works. "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). The state prison term and the federal prison term, therefore, are administered as one combined term of incarceration. Ground 8, Mot. § 2255 at 7, is

denied.

### 5. Ineffective Assistance of Counsel

Because none of Caccavallo's claims has merit, he can show neither deficient performance by counsel or resultant prejudice. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Ground 6, Mot. § 2255 at 7, is denied.

### V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Setting aside the grave procedural obstacles to Caccavallo's claims, there is no merit in them. His guideline calculations were correct under the plain language of the applicable guidelines. He was not convicted of either a drug crime or a sex crime in this case, but he has previous convictions for such offenses, as well as a substance abuse problem. The special conditions of supervised release prohibiting use of

ORDER / PAGE 8

medical marijuana and requiring him to register as a sex offender were appropriate. The victim who spoke at his sentencing hearing had a right to do so, and Caccavallo knew he might, because the presentence report identified the man and described him as a victim. Federal law does not permit Caccavallo to be released to serve the suspended portion of his state sentence before he is required to report to federal prison. Finally, because all of his claims are flatly contradicted by the law, Caccavallo cannot meet either prong of the Strickland test. Caccavallo has made no showing that he was deprived of a constitutional right. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcripts of the change of plea hearing, held January 19, 2010, and of the sentencing hearing, held April 29, 2010, are required to decide the issues presented by Caccavallo. The United States shall immediately order the transcripts of those hearings for the Court's file, with one copy of each to be delivered to Salvatore Richard Caccavallo # 14523, Dawson County Detention Facility, 440 Colorado Blvd., Glendive, MT 59330.

2. On or before **March 18, 2011**, the United States shall file a Notice to apprise the Court that it provided the photographs Caccavallo requested or, if not, why not.

3. All claims having been denied, Caccavallo's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 39) is DENIED;

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Caccavallo files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-35-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Caccavallo.

DATED this 25 day of February, 2011.

Donald W. Molloy
United States District Court